## UNITED STATES v. MARDEN et al.

### (Circuit Court, D. Massachusetts. December 29, 1909.)

### No. 544 (2,040).

CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—"CUTCH."

The importation in question, being an extract of the bark of the mangrove, used for tanning, is classifiable as "cutch," under paragraph 542 of the tariff act of July 24, 1897 (30 Stat. 197 [U. S. Comp. St. 1901, p. 1683]).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,821 (T. D. 29,312), and reversed the assessment of duty by the collector of customs at the port of Boston on importations by Marden, Orth & Hastings and C. A. Spencer & Son.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, Sp. Atty., of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

LOWELL, Circuit Judge. This is an appeal taken by the United States from a decision of the Board of General Appraisers. The paragraphs of the Dingley bill (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]) here in question are as follows:

22. Extracts and decoctions of logwood and other dyewoods, and extracts of barks, such as are commonly used for dyeing or tanning, not specially provided for in this act, seven-eighths of one cent per pound; extracts of quebracho and of hemlock bark, one-half of one cent per pound; extracts of sumac, and of woods other than dyewoods, not specially provided for in this act, five-eighths of one cent per pound.

542. Cutch. [From the free list.]

The importation is an extract of the bark of the mangrove (Rhizophora mucronata), and is commonly used for tanning. The importers contended that it is commercially known as "cutch." The collector assessed the duty under paragraph 22; the Board of General Appraisers held that it was cutch, and therefore to be admitted free from duty under paragraph 542.

"Cutch" is a word derived from the specific name of the acacia catechu. The cutch early imported into this country was probably prepared altogether from the wood of this tree, and was used chiefly, though not altogether, for dyeing. Before 1897 an extract from the bark of the mangrove was imported for the same use and was commercially known as cutch. The introduction of anilin dyes largely displaced cutch of either sort as a pigment, but a considerable use in tanning leather was found alike for the prepared wood of the acacia and for the prepared bark of the mangrove. The United States does not dispute that the importation in question is commercially known as cutch, but nothing precisely and minutely similar was imported until after the adoption of the Dingley tariff in 1897. The importer must

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show that the importation is cutch, and the United States has sought to show that two substances, viz., (1) cutch as prepared from the mangrove before 1897, and (2) the importation in question, although they have substantially the same origin and now have the same commercial designation, are yet different things within the purview of the Dingley tariff.

There is some evidence that the reactions of the two substances are not quite the same, and more ash may be found in (2) than in (1). The United States also contends that sulphite is used in the preparation of (2), and not in the preparation of (1). Without reviewing this evidence in detail, I find it enough to say that the Board of General Appraisers has found as a fact that "protestants have established by a preponderance of competent testimony that the article under consideration is cutch, and is so known in trade and commerce." The examination of the evidence made by the Board was fuller and more detailed than my own has been, but apart from the authority properly attached to the finding of a board which has especial experience in dealing with this class of cases, my own independent judgment is in agreement with the conclusion above stated.

Judgment of the Board of General Appraisers affirmed.